UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE COPE, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: CIV-13-300-C |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| COMMERCIAL RECOVERY | ) **JURY TRIAL** |
| SYSTEMS, INC., | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

JAMIE COPE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Okarche, Oklahoma 73762, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 8035 E.R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt, an auto loan for a personal vehicle, arose out of transactions, which were primarily for personal, family, or household purposes.

13. Beginning in or around July 2012, and continuing through September 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment of an alleged debt.

14. During the relevant period, Defendant called Plaintiff, on average, one (1) to two (2) times a day, causing Plaintiff to receive more than twenty (20) collection calls a month.

15. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

16. In addition to the quantity of its calls, Defendant also used the content of its collection calls as a means to harass Plaintiff.

17. For example, on at least one occasion, Defendant's collectors threatened to report Plaintiff to the District Attorney if she did not pay the alleged debt.

18. The failure to repay an auto loan is not a criminal offense in the State of Oklahoma.

19. Upon information and belief, Defendant made the above threat seeking to take advantage of her lack of knowledge about such things to scare her into paying the alleged debt, knowing Plaintiff had committed no crime and knowing that the District Attorney would have no interest in the situation.

20. Further, on at least one occasion, Defendant's collector threatened to garnish Plaintiff's wages if she did not make payment on the debt.

21. At the time Defendant made this threat, it did not have a judgment and could not legally garnish wages.

22. Upon information and belief, Defendant does not employ attorneys as telephone collectors.

23. Upon information and belief, the statements by the collectors were made by laypersons who knew there was no intent to take any of the action threatened.

24. Most recently, on September 18, 2012, Defendant contacted Plaintiff seeking and demanding payment of the alleged debt.

25. In its conversation with Plaintiff, Defendant, again, threatened to garnish her wages if she did not make payment on the alleged debt. Defendant knew at the time it made this threat, not only did it not have the intent to take such

action, but could not take such action, as there had been no judgment entered against Plaintiff for this debt.

26. Furthermore, when Plaintiff asked for documentation regarding the alleged debt, Defendant's collector revealed that Defendant was not in possession of any documentation about the validity of the debt, as the collector stated that he would "request it from Santander," but did not know if he "could get [any information]."

27. Finally, within five (5) days of its initial communication with Plaintiff regarding the alleged debt, Defendant failed to send Plaintiff information regarding her rights to dispute the debt and/or request verification of the debt.

## **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any

- 5 -

person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiff, on average, one (1) to two (2) times a day, causing her to receive more than twenty (20) collection calls a month, with the intent of harassing Plaintiff into paying the alleged debt.

## COUNT II

a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(2)(A) of the FDCPA by making false representations regarding the character, amount, or legal status of any debt.

c. A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

d. A debt collector violates §1692e(7) of the FDCPA by falsely representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer.

e. Here, Defendant violated §§1692e, 1692e(2)(A), 1692(4) and 1692(7) of the FDCPA when it implied it had a judgment against Plaintiff, when it threatened to garnish Plaintiff's wages, and when it threatened to report Plaintiff to the District Attorney if she failed to make payment on the debt.

## COUNT III

a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt

collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMIE COPE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMIE COPE, demands a jury trial in this case.

|   |   |
|---|---|
| DATED: 03/28/13 | RESPECTFULLY SUBMITTED,<br><br>KIMMEL & SILVERMAN, P.C.<br>By: *Tara L. Patterson* (signature)<br>Tara L. Patterson<br>PA Attorney ID No. 88343<br>Kimmel & Silverman, P.C.<br>30 E. Butler Pike<br>Ambler, PA 19002<br>Phone: (215) 540-8888 ext. 103<br>Fax: (877) 788-2864<br>Email: tpatterson@creditlaw.com |