## UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE COPE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) **Case No.: 5:13-cv-00300-C** |
| COMMERCIAL RECOVERY | ) |
| SYSTEMS, INC., | ) |
| | ) **AMENDED COMPLAINT AND** |
| and | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| JEFF WOOD, individually and on | ) |
| behalf of Commercial Recovery | ) |
| Systems, Inc., | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| Defendant | ) |

## **AMENDED COMPLAINT**

JAMIE COPE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. and JEFF WOOD, individually and on behalf of Commercial Recovery Systems, Inc. ("Defendants"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Oklahoma; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Okarche, Oklahoma 73762, at the time of the alleged harassment.

6. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3).

7. Defendant Commercial Recovery Systems, Inc. ("CRS") is a national debt collection company with its corporate headquarters located at 8035 E.R.L. Thornton Freeway, Suite 220, Dallas, Texas 75228.

8. Defendant Jeff Wood is Associate General Counsel at CRS, and upon information and belief, has direct control and oversight over the conduct complained of herein.

9. Defendants collect, and attempt to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6), as they directly and indirectly attempted to collect a consumer debt from Plaintiff.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff.

13. The alleged debt, an auto loan for a personal vehicle, arose out of transactions, which were primarily for personal, family, or household purposes.

14. Beginning in or around July 2012, and continuing through September 2012, Defendants continuously and repeatedly contacted Plaintiff on her cellular telephone seeking and demanding payment of an alleged debt.

15. During the relevant period, Defendants called Plaintiff, on average, one (1) to two (2) times a day, causing Plaintiff to receive more than twenty (20) collection calls a month.

16. Upon information and belief, Defendants called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

17. In addition to the quantity of its calls, Defendants also used the content of its collection calls as a means to harass Plaintiff.

18. For example, on at least one occasion, Defendants' collectors threatened to report Plaintiff to the District Attorney if she did not pay the alleged debt.

19. The failure to repay an auto loan is not a criminal offense in the State of Oklahoma.

20. Upon information and belief, Defendants made the above threat seeking to take advantage of her lack of knowledge about such things to scare her into paying the alleged debt, knowing Plaintiff had committed no crime and knowing that the District Attorney would have no interest in the situation.

21. Further, on at least one occasion, Defendants' collector threatened to garnish Plaintiff's wages if she did not make payment on the debt.

22. At the time Defendants made this threat, it did not have a judgment and could not legally garnish wages.

23. Upon information and belief, Defendants do not employ attorneys as telephone collectors.

24. Upon information and belief, the statements by the collectors were made by laypersons who knew there was no intent to take any of the action threatened.

25. Most recently, on September 18, 2012, Defendants contacted Plaintiff seeking and demanding payment of the alleged debt.

26. In its conversation with Plaintiff, Defendants, again, threatened to garnish her wages if she did not make payment on the alleged debt. Defendants knew at the time it made this threat, not only did it not have the intent to take such action, but could not take such action, as there had been no judgment entered against Plaintiff for this debt.

27. Furthermore, when Plaintiff asked for documentation regarding the alleged debt, Defendants' collector revealed that Defendants were not in possession of any documentation about the validity of the debt, as the collector stated that he would "request it from Santander," but did not know if he "could get [any information]."

28. Finally, within five (5) days of its initial communication with Plaintiff regarding the alleged debt, Defendants failed to send Plaintiff information regarding her rights to dispute the debt and/or request verification of the debt.

### **DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

29. In its actions to collect a disputed debt, Defendants violated the FDCPA in one or more of the following ways:

### COUNT I

a. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendants violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiff, on average, one (1) to two (2) times a day, causing her to receive more than twenty (20) collection calls a month, with the intent of harassing Plaintiff into paying the alleged debt.

### COUNT II

a. A debt collector violates §1692e of the FDCPA by using false,

   deceptive or misleading representations or means in connection with the collection of any debt.

b. A debt collector violates §1692e(2)(A) of the FDCPA by making false representations regarding the character, amount, or legal status of any debt.

c. A debt collector violates §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

d. A debt collector violates §1692e(7) of the FDCPA by falsely representing or implying that the consumer committed a crime or other conduct in order to disgrace the consumer.

e. Here, Defendants violated §§1692e, 1692e(2)(A), 1692(4) and 1692(7) of the FDCPA when they implied they had a judgment against Plaintiff, when they threatened to garnish Plaintiff's wages, and when they threatened to report Plaintiff to the District Attorney if she failed to make payment on the debt.

## COUNT III

a. A debt collector violates §1692g(a) of the FDCPA by failing to send

to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendants violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMIE COPE, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMIE COPE, demands a jury trial in this case.

                                  RESPECTFULLY SUBMITTED,

DATED: 07/11/2013         KIMMEL & SILVERMAN, P.C.

                                  By: __/s/ Tara L Patterson_____
                                       Tara L. Patterson
                                       PA Attorney ID No. 88343
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888 ext. 103
                                       Fax: (877) 788-2864
                                       Email: tpatterson@creditlaw.com